UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:17-CR-13-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) |
| | ) |
| RICHARD LENZY | ) |

## DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR IMPOSITION OF A MITIGATED SENTENCE PURSUANT TO 18 U.S.C. § 3553(a)

NOW COMES the defendant, Richard Lenzy, ("Lenzy" or "Defendant") through counsel, and moves this Honorable Court to impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a) which the United States Supreme Court has ruled must be considered at sentencing, instead of a greater sentence that results solely from the application of the advisory United States Sentencing Guidelines. In Support of this Motion, the defendant shows as follows:

## STATEMENT OF THE CASE

On February 15, 2017, Lenzy was named in a 6 count indictment charging him with drug offenses and possession of a firearm by a felon. Defendant pleaded guilty to a two count criminal information on August 15, 2017 charging him in Count One with conspiracy to distribute and possession with intent to distribute 500 grams or more of cocaine and cocaine base

(crack) from October 2013 to July 8, 2015. Count 2 charged Defendant with possession of a fire arm by a felon on July 8, 2015.

## FACTUAL MATTERS

Other than time away while serving a lengthy prison sentence, Lenzy, 41, has been a lifelong resident of Greenville. He grew up with his siblings, a brother and a sister, with parents who were both employed; his Father in construction work and his Mother, a teacher. His parents, still married, live in Greenville, provided for he and his siblings in a loving and stable environment.

## ARGUMENT

I. Section 3553(a) Factors and Motion for Downward Variance

18 U.S.C. § 3553 (a) – Factors to be considered in imposing a sentence.

-Sentence must be *sufficient, but not greater than necessary* to accomplish the objectives of the sentencing reform act.

-To determine the particular sentence to be imposed, the court shall consider:

1. Nature and circumstances of the offense and the history and characteristics of the defendant.

2. The need for the sentence imposed:

    A. To reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense;

    B. To afford adequate deterrence to criminal conduct;

    C. To protect the public from further crimes of the defendant;

    D. To provide the defendant with needed educational or correctional training, medical care, or other correctional treatment in the most effective manner.

3. The kinds of sentences available;

4. The advisory sentencing guidelines;

5. Any pertinent policy statements set forth in the advisory sentencing guidelines;

6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7. The need to provide restitution to any victims of the offense.

Lenzy respectfully submits that consideration of the facts of his case, history and background, and application of the § 3553(a) factors result in a downward variance sentence from the applicable advisory Guideline Range that results in a significantly reduced period of incarceration.

## **OBJECTIONS TO PSR**

Defendant has preserved two objections to the PSR which will need to be resolved before sentencing: (1) Lenzy has objected to paragraphs 10, 11, 12 and 56 from which he has received a two level enhancement for maintaining a premises for the purpose of manufacturing and distributing a controlled substance. Counsel will address this objection at the Sentencing hearing. (2) Lenzy has objected to receiving a total of 6 criminal history points for the convictions set out in paragraphs 22 and 23. The basis of this objection is that Defendant and his then counsel, Dierdre Murray, signed the plea agreement dated August 8, 2017. While in Federal custody, without notice to Ms. Murray, Lenzy was apparently writted out of the Edgecombe County Jail on August 7, 2017, one day before the Plea Agreement is dated, and two days before the Plea Agreement was filed, and taken to Pitt County where, represented by Pitt County attorney Jeff Blick, he entered guilty pleas to two DWIs resulting in the addition of 6 criminal history points.[1] Counsel familiar with this case and knowledgeable with the Sentencing

---

[1] There is nothing in the docket sheet to indicate whether a Writ was entered.

Guidelines would have counseled Lenzy not to plead guilty to anything and to persist in his not guilty pleas and exercise his right to trial by jury.[2]  These 6 criminal history points result in an increase in Lenzy's Criminal History Category from a level III to a level V.  Using the computations in the PSR of a total offense level of 25, these two levels increase his guideline range from 70 to 87 months to 100-125 months or by 30 to 38 months.  It is submitted that the guilty pleas entered on August 7, 2017, were entered without the advice of counsel

## APPROPRIATE ADVISORY GUIDELINES

The PSR sets out the Sentencing Guidelines.  Based upon a Total Offense Level of 25 and a Criminal History of V, the guideline range for imprisonment is 100-125 months.  As noted, Objections to the PSR have been filed contesting the two level enhancement for maintaining a premise for manufacturing or distributing a controlled substance (Paragraph 56) and for the six criminal history points resulting from his guilty pleas to the 2 DWIs in Pitt County on August 7, without the advice of counsel (paragraphs 24 and 25).  If the Court rules in Defendant's favor the total offense level of 23 with a Criminal History score of III results in a guideline range of imprisonment of 57-71 months.

## CONCLUSION

Notwithstanding Lenzy being raised by employed and supportive parents, Lenzy has had a rough life.  The PSR (paragraph 40) outlines his use of alcohol and marijuana dating back to age 15.  The PSR notes 4 DWI offenses, the first of which occurred at age 18.  Although he

---

[2] Counsel would note that paragraph 39 of the draft PSR included the following language: "It should also be noted that Lenzy has two counts of Driving While Impaired pending in Pitt County."  In his objections to the PSR counsel noted that this was inconsistent with the convictions on August 7.  This language has been deleted from the final PSR in what is now paragraph 41.

**4**

dropped out of school he earned his GED and was attending barber school at the time of his arrest on these charges.

Lenzy knows that he is going to prison and would like to make the most of his time while there. He is clearly in need of the most comprehensive drug treatment possible and could benefit from vocational training to complete the requirements for barbering and other trades with which he his capable.

It is respectfully requested that the Court consider all of these factors in imposing judgment.

Respectfully submitted, this the 4th day of December, 2017.

/s/ David W. Long
David W. Long
State Bar No. 2779
POYNER SPRUILL LLP
Post Office Box 1801
Raleigh, NC 27602
(919) 783-2808
Fax: (919) 783-1075
dwlong@poyners.com
Counsel for Defendant

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing SENTENCING MEMORANDUM through the electronic service function of the Court's electronic filing system, as follows:

William Glenn Perry
215 S. Evans Street, Suite 206
Greenville, NC  27858

This the 4th day of December, 2017.

/s/   David W. Long
Counsel for Defendant