IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CR-13-D
No. 4:19-CV-3-D

| | |
|---|---|
| RICHARD LENZY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On January 2, 2019, Richard Lenzy ("Lenzy") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 100-month sentence [D.E. 55]. On January 4, 2019, Lenzy filed an amended section 2255 motion [D.E. 57]. On May 9, 2019, the government moved to dismiss Lenzy's motion [D.E. 65] and filed a memorandum in support [D.E. 66]. On May 23, 2019, Lenzy responded in opposition [D.E. 68]. On January 15, 2020, the court granted in part the government's motion to dismiss and dismissed Lenzy's first three claims under section 2255, and referred his claim that his counsel failed to file a notice of appeal to proceed to Magistrate Judge Gates for an evidentiary hearing and memorandum and recommendation ("M&R"). See [D.E. 71]. On March 12, 2020, Judge Gates held an evidentiary hearing. See Tr. [D.E. 82]. On January 6, 2020, after Magistrate Judge Gates retired, Magistrate Judge Jones issued an M&R and recommended that the court dismiss Lenzy's failure-to-file-appeal claim. See M&R 2–19. Neither party objected to the M&R.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th

Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the entire record, including the M&R, the transcripts, and the briefs. Notwithstanding the appellate waiver in Lenzy's plea agreement, if Lenzy expressly had instructed his counsel to file a notice of appeal and counsel had failed to do so, counsel would have violated the Sixth Amendment. See Garza v. Idaho, 139 S. Ct. 738, 746–50 (2019). The court finds that Lenzy never expressly instructed his counsel to appeal. See M&R at 12–13. Thus, Lenzy's claim fails.

After reviewing the claims presented in Lenzy's motions, the court finds that reasonable jurists would not find the court's treatment of Lenzy's claims debatable or wrong, and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court finds that Lenzy never expressly instructed his counsel to appeal, CONCLUDES that Lenzy's counsel did not violate the Sixth Amendment, GRANTS the government's motion to dismiss [D.E. 70], and DISMISSES Lenzy's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 55, 57]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This 1 day of February 2021.

JAMES C. DEVER III
United States District Judge